# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PETER B., | ) | |
| (True Name and Address | ) | |
| Classified), | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 1:05CV02189 (RWR) |
| | ) | |
| THE UNITED STATES OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## DEFENDANT'S MOTION TO DISMISS
## FOR LACK OF SUBJECT MATTER JURISDICTION

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant United

States of America, by and through its undersigned counsel, respectfully moves to dismiss this

action against the United States for lack of subject matter jurisdiction.  The grounds for the

motion are set forth in the accompanying memorandum of law filed herewith.  A proposed order

also is included.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____
MARIAN L. BORUM, D.C. Bar #435409
Assistant United States Attorney
501 Third Street, N.W., Fourth Floor
Washington, DC 20530
202-514-6531

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PETER B., | ) | |
| (True Name and Address | ) | |
| Classified), | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 1:05CV02189 (RWR) |
| | ) | |
| THE UNITED STATES OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

### INTRODUCTION

Plaintiff Peter B. brought this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.  Complaint ¶¶ 4, 5, 12-17.  He alleges that his former employer, the Central Intelligence Agency ("CIA"), terminated him for unspecified reasons and that such termination caused him to fall into severe clinical depression.  Id. ¶ 9.  He seeks damages for negligent false light invasion of his privacy, id. ¶ 15, negligent infliction of emotional distress, id. ¶ 16, and negligent interference with his prospective economic opportunity.  Id. ¶ 17.

Defendant has moved to dismiss the action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Plaintiff's suit must be dismissed because he failed to file this action with the Court within the six-month statutory time period after his administrative claim was formally denied as prescribed in 28 U.S.C. § 2401(b).[1]  In

---

[1] Plaintiff also purports to bring this action under 28 U.S.C. § 1331 and under the doctrine of pendant jurisdiction.  However, "it is well settled that section 1331 'implies no general waiver of sovereign immunity[ ],' and, therefore, cannot alone be relied upon as the basis

addition, Plaintiff's suit must be dismissed because it is precluded under the Civil Service

Reform Act ("CSRA").[2]

**STATEMENT OF RELEVANT FACTS**

To support its motion to dismiss, Defendant relies on the following information contained

in the Complaint.

1.     Plaintiff's suit against the United States is brought pursuant to the FTCA.  Complaint ¶¶

4, 5, 12-17.

2.     Plaintiff alleges in paragraph five of the Complaint that he filed an administrative claim

with the CIA on November 1, 2004, that the CIA mailed its denial of his administrative

claim on May 2, 2005, and that this suit was brought within six months thereafter.  That

paragraph reads in full as follows:

> On November 1, 2004 Plaintiff submitted to Defendant CIA an
> administrative claim under the Federal Torts Claim Act ("FTCA"),
> 28 U.S.C. § 2675.  On May 2, 2005 Defendant CIA mailed its
> denial of said claim.  This suit is brought within six months
> thereafter.

Complaint ¶ 5.

---

of jurisdiction . . . ."  Voluntary Purchasing Groups, Inc. v. Reilly, 889 F.2d 1380, 1385 (5th Cir. 1989) (citations omitted).  In addition, Plaintiff does not allege any pendant state-law claims other than those that might be implicated by his tort claims under the FTCA.  (Liability under the FTCA generally depends on the law of the State where the allegedly negligently or wrongful act or omission occurred.  28 U.S.C. § 1346(b)(1).)  The FTCA provides the exclusive remedy against the United States for torts committed by federal employees, id., and sovereign immunity has not been waived for any other state-law claims Plaintiff may assert.  Absent a waiver of sovereign immunity, a district court lacks subject matter jurisdiction over claims against the United States.  See, e.g., United States v. Mitchell, 463 U.S. 206, 212 (1983).

    [2]  Pub. L. No. 95-454, 92 Stat. 111, as amended (especially by the Whistleblower Protection Act of 1989, Pub. L. No. 101-12, 103 Stat. 16) (codified at various sections of Title 5 of the United States Code).

2

3.    The Complaint was filed on Monday, November 7, 2005, more than six months after May 2, 2005.  This fact is reflected by the date-stamp issued by the Clerk of Court, which is located in the top right-hand corner on the first page of the Complaint.  See also Docket Entry 3.

4.    Plaintiff alleges that he was terminated from his employment with the CIA and, as a result, suffered related tort claims.  Complaint ¶¶ 9-11, 15-17.

## ARGUMENT

I.    **Plaintiff's Suit Must Be Dismissed Because He Failed to File Suit Within the Six-Month Time Period Prescribed by 28 U.S.C. § 2401(b).**

Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.  F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999).  Sovereign immunity is jurisdictional in nature.  Meyer, 510 U.S. at 475. Thus, the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit.  Id.; United States v. Sherwood, 312 U.S. 584, 586 (1941). Waivers must be construed strictly in favor of the sovereign and must not be enlarged beyond what the language requires.  Library of Cong. v. Shaw, 478 U.S. 310, 318 (1996).

In 1946, Congress passed the Federal Tort Claims Act, a limited waiver of  sovereign immunity.  The FTCA provides the exclusive remedy against the United States for certain torts committed by federal employees.  Meyer, 510 U.S. at 475 (citing 28 U.S.C. § 1346(b)).  The Act requires plaintiffs to exhaust their administrative remedies by first presenting their claims to the appropriate federal agency before instituting a civil action.  28 U.S.C. § 2675(a).  The time limits governing claims and actions under the FTCA are contained in 28 U.S.C. § 2401(b).  These time

limits require that a tort claim against the United States be presented to the appropriate Federal agency within two years of its accrual and that suit be filed within six months after the agency mails a final denial letter.  28 U.S.C. § 2401(b).[3]  Failure to meet either of these two requirements results in the claim being "forever barred."  Id.; see also supra note 2.

As a prerequisite to filing suit against the United States, § 2401(b) is both a condition of the sovereign's waiver of immunity and a federal jurisdictional provision.  Sexton v. United States, 832 F.2d 629, 632-33 n.4 (D.C. Cir. 1987); see also Dahl v. United States, 319 F.3d 1226, 1228 (10th Cir. 2003); Gonzales v. United States, 284 F.3d 281, 287 (1st Cir. 2002); McGraw v. United States, 281 F.3d 997, 1001 (9th Cir. 2002), opinion amended and reh'g denied, 298 F.3d 754 (9th Cir. 2002); Blakely v. United States, 276 F.3d 853, 865 (6th Cir. 2002).  Thus, failure to comply with the time requirements set out in the statute results in the dismissal of the case for lack of subject matter jurisdiction.  See, e.g., Schuler, 628 F.2d at 202 (affirming district court's dismissal of case for failure to comply with § 2401(b)); Cronauer v. United States, 394 F. Supp. 2d 93, 97 (D.D.C. 2005) (dismissing plaintiff's case for lack of subject matter jurisdiction when plaintiff failed to comply with the time provisions in § 2401(b)); Gabriel v. Corrections Corp. of America , 211 F. Supp.2d 132, 135-137 (D.D.C. 2002) (same); Liles v. United States, 638 F. Supp. 963, 966-68 (D.D.C. 1986) (same).

---

[3]  Title 28, United States Code, Section 2401 "requires the claimant both to file the claim with the agency within two years after accrual of the claim and then to file a complaint in the District Court within six months after the agency denies the claim."  Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980).  Accordingly, a suit filed more than six months after the agency denied the claim will be barred even though the claim was timely submitted to the agency.  Id; see also Willis v. United States, 719 F.2d 608 (2d Cir. 1983).

In this case, Plaintiff's suit is barred because he failed to meet § 2401(b)'s requirement that a lawsuit must be filed within six months after the agency mails the denial of the claim. Plaintiff clearly was aware of this requirement as he alleged in the Complaint that the suit was brought within six months of the agency's mailing of the denial letter. Complaint ¶ 5. However, the dates contained in the Complaint belie this allegation. By Plaintiff's own account, his administrative claim was denied by the CIA in a letter mailed on May 2, 2005. Id. The date-stamp on the Complaint and the Court's docket sheet clearly show that suit was filed on November 7, 2005, more than six months after the CIA mailed Plaintiff's denial letter. Complaint, page 1; Docket Entry 3.

There are two commonly accepted ways to calculate the six-month period. Winters v. United States Postal Service, 721 F. Supp. 1388, 1389-90 n.2 (D.D.C. 1989) (noting majority and minority methods of calculation). A majority of courts hold that the six-month period commences the day *after* the mailing of the denial letter and runs through the day *before* the same calendar date six months later. See, e.g., McDuffee v. United States, 769 F.2d 492, 494 (8th Cir. 1985). The minority agrees that the six-month period commences the day after the mailing of the denial letter but holds that it runs through the *same* calendar day six months later. See, e.g., Bledsoe v. Dep't of Housing and Urban Development, 398 F. Supp. 315, 318-21 (E.D. Pa. 1975). Under the majority rule, the six-month deadline in this case would have run on November 1, 2005. Under the minority rule, the six-month deadline in this case would have run on November

5

2, 2005.  Using either approach, it is plainly evident that Plaintiff's filing of the Complaint was untimely.[4]

Because Plaintiff failed to file suit with the Court within six months of the agency's denial of his administrative claim, his claim is "forever barred" under 28 U.S.C. § 2401(b).

## II.    Plaintiff's FTCA Suit Must Be Dismissed Because It Is Precluded by the CSRA.

The CSRA is a comprehensive remedial scheme that precludes federal employees from bringing suit against the government regarding personnel actions.  See United States v. Fausto, 484 U.S. 439, 445, 455 (1988 ) (the CSRA's comprehensive and integrated scheme precludes federal employees from challenging agency personnel decisions in judicial actions outside that scheme).  The CSRA is "an elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations. . . ."  Bush v. Lucas, 462 U.S. 367, 388 (1983); see also Steadman v. Governor, United States Soldiers' & Airmen's Home, 918 F.2d 963, 967 (D.C. Cir. 1990) (CSRA is an "enormously complicated and subtle scheme" that "govern[s] employee relations in the federal sector").   "Chapter 75 of the CSRA sets up a series of procedural safeguards for covered employees who have suffered adverse personnel actions . . . These safeguards include [the] appeal of [a] termination decision to the Merit Systems Protection Board . . . and review by the United States Court of Appeals for the Federal Circuit."  American Postal Workers Union, AFL-CIO v. United States Postal Serv., 940 F.2d 704, 708 (D.C. Cir. 1991).  See Fausto, 484 U.S. at 446-47 (Subchapter II of Chapter 75 governs major adverse

---

[4]  Both November 1, 2005 and November 2, 2005 were non-holiday weekdays, and thus no argument can be made that Plaintiff was entitled to extra days to file his suit.  See, e.g., Rodriguez v. United States, 382 F. Supp. 1, 2 (D.P.R. 1974) (holding that when § 2401(b)'s six-month limitation period ran on a weekend, plaintiff could file suit the following business day).

6

actions, including removal).  Chapter 75 of the CSRA exempts from its coverage an employee

"whose position is within the Central Intelligence Agency."  5 U.S.C. § 7511(b)(7).

       To avoid interference with the elaborate system established by CSRA, the D.C. Circuit

and other courts of appeals have held that the CSRA preempts a federal employee's FTCA

claims against his employer.  See, e.g., Am. Postal Workers Union, AFL-CIO, 940 F.2d at 708.

("A residual statute like the FTCA . . . cannot co-exist with a comprehensive employment

relations scheme" such as the CSRA.); Rivera v. United States, 924 F.2d 948, 951-52 (9th Cir.

1991) (holding that CSRA precludes FTCA claim based on employment-related action);

Premachandra v. United States, 739 F.2d 392, 394 (8th Cir. 1984) ("[T]he civil service laws

carefully prescribe how, when, and by whom the propriety of certain federal termination

decisions will be reviewed[, and h]ad Congress intended for such decision to be reviewable in

district courts in the context of actions under the Federal Tort Claims Act, it would not have so

precisely defined the civil service remedy.").  Although an employee has no remedy under the

CSRA, however, does not mean that he has a remedy under the FTCA.  The CSRA's deliberate

exclusion of particular categories of employees from its remedial provisions "is not an

uninformative consequence of the limited scope of the statute, but rather the manifestation of a

considered congressional judgment that they should not have statutory entitlement to review for

adverse action of the type governed by" the CSRA.  Fausto, 484 U.S. at 448-49; see also

Kennedy v. United States Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998) ("Federal employees

alleging employment-related tort claims subject to the CSRA may not bring an action under the

FTCA. . . . This is true even where a particular litigant does not have a remedy available under

the statutory scheme.") (citations and internal quotation marks omitted).  As the D.C. Circuit held

in <u>American Postal Workers Union</u>, 940 F.2d at 709, "[t]he Supreme Court and several of our sister circuits have held that the exclusion of a class of employees from the protections of the CSRA does not leave these employees 'free to pursue whatever judicial remedies [they] would have had before enactment of the CSRA.' . . . Rather, such exclusion evinces a 'clear congressional intent to deny the excluded employees the protections of Chapter 75 - - including judicial review - - for personnel action covered by that chapter.'" <u>Id.</u> (internal citations omitted and alteration in original).

In this case, Plaintiff's FTCA claims that he was terminated from his employment with the CIA, are directly related to an alleged adverse employment action. Complaint ¶¶ 9-11, 15-17. The CSRA precludes FTCA claims that are based on employment-related torts. Because Plaintiff's class specifically has been excluded from coverage of the CSRA, he is not free to pursue remedies under the FTCA. Therefore, Plaintiff's claim must be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that the Court dismiss this

action for lack of subject matter jurisdiction.[5]

Respectfully submitted,

_____

KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____

RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____

MARIAN L. BORUM, D.C. Bar #435409
Assistant United States Attorney
501 Third Street, N.W., Fourth Floor
Washington, DC 20530
202-514-6531

---

[5]     Defendant notes that this suit is subject to dismissal for a number of other reasons,
including exceptions to the FTCA set forth at 28 U.S.C. § 2680, the absence of comparable
private person liability under state law, see 28 U.S.C. § 1346(b), and failure to state a claim upon
which relief can be granted.

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 25, 2006, I caused to be served upon the following counsel

for Plaintiff a true and correct copy of Defendant's Motion to Dismiss for Lack of Subject Matter

Jurisdiction and the Memorandum of Law in Support thereof by U.S. Mail to:


       Roy w. Kreiger
       KRIEGER & ZAID, P.L.L.C.
       1920 N. Street, N.W.
       Suite 300
       Washington, D.C. 20036


                           _____
                           Marian L. Borum, D.C. Bar #435409
                           Assistant United States Attorney
                           501 Third Street, N.W., Fourth Floor
                           Washington, DC 20530
                           202-514-6531

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PETER B.,** | ) | |
| **(True Name and Address** | ) | |
| **Classified),** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 1:05CV02189 (RWR)** |
| | ) | |
| **THE UNITED STATES OF** | ) | |
| **AMERICA,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
## FOR LACK OF SUBJECT MATTER JURISDICTION

This matter is before the Court on defendant's Motion to Dismiss for Lack of Subject

Matter Jurisdiction.  Upon consideration of this motion, it is on the _____ day of

_____, 2006,

ORDERED that the defendant's motion should be and hereby is GRANTED;

ORDERED that this case be, and it is dismissed with prejudice.


_____
RICHARD W. ROBERTS
UNITED STATES DISTRICT JUDGE

Copies to:

Roy w. Kreiger                    Marian L. Borum
KRIEGER & ZAID, P.L.L.C.          Assistant United States Attorney
1920 N. Street, N.W., Suite 300   501 Third Street, N.W.,Third Floor
Washington, D.C. 20036            Washington, DC 20530