UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER B., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2189 (RWR) |
| ) | |
| THE UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR AN ENLARGEMENT OF TIME
TO FILE AN AMENDED COMPLAINT

In response to the May 11, 2006 Order to Show Cause issued by the Court, on May 19, 2006, plaintiff's counsel filed a Motion for Enlargement of Time to File an Amended Complaint. For the following reasons, the Court should deny the plaintiff's request for an extension of time, and either grant dismissal or direct plaintiff to file an opposition to the motion to dismiss within seven days.

First, an amendment will not cure the fatal defects present in the plaintiff's Complaint, namely, that the claims presented are untimely and therefore barred by the statute of limitations, and are preempted by the Civil Service Reform Act ("CSRA"). These are not pleading defects. If plaintiff has responses to these defenses he should present them to the Court.

Second, plaintiff has failed to timely file either an opposition to the defendant's motion to dismiss the Complaint or a motion for an extension of time. Therefore,

1

pursuant to Local Civil Rule 7(b), the Court is entitled to treat the defendant's unopposed motion to dismiss as conceded.

Defendant notes that plaintiff submitted his Motion for Enlargement of Time to File an Amended Complaint only after the Court issued its Order to Show Cause dated May 11, 2006. Plaintiff indicates in the motion that he did not file either an opposition or a motion for an extension of time due to Mr. Krieger's and his wife's illnesses. However, although defendant is saddened to hear of these illnesses, plaintiff is also represented by Mr. Mark Zaid, who has been litigating another case against the CIA in this same District Court during at least the past several weeks.[1] Mr. Zaid could have filed an opposition or sought an extension. Instead, plaintiff disregarded the Court's deadline and the Rules of this Court by failing to file anything.[2] Plaintiff's implication that an extension of time is now sought in order to comply with the CIA's pre-filing

---

[1] That case is Waters v. CIA, Civ. No. 06-0383 (RBW). For example, Mr. Zaid submitted a filing in Waters on April 18, 2006, and attended a hearing at the District Court for the District of Columbia on May 9, 2006.

[2] This is not an isolated incident, as plaintiff's counsel has exhibited a pattern in other cases of failing to meeting filing deadlines. For example, in M.K. v. Tenet, Civ. No. 99-0095 (RMU) (D.D.C.), Judge Urbina deemed the CIA's motion to dismiss conceded as a result of counsel's [Krieger & Zaid] failure to file a response three months after the expiration of an extended deadline. See Memorandum Order, September 16, 2004, aff'd 05-0415 (D.C. Cir. Sept. 27, 2005); Stillman v. Dep't of Defense, Civ. No. 01-1342 (D.D.C. Nov. 2, 2004) (wherein Judge Sullivan issued an Order dismissing the case with prejudice pursuant to Local Rule 7(b) because Mark S. Zaid, co-counsel of record for the Plaintiff in the instant case, failed to file a response to the government's dispositive motion or request a further extension of time). See also Krieger v. Fadely, 211 F.3d 134, 135 (D.C. Cir. 2000) ("The trouble for Krieger [appearing pro se] is that in the eleven months between the substitution and the dismissal of the complaint, he voiced not a word of protest to the district court. . . Krieger's failure to object, for whatever reason, cannot be excused.").

classification review requirement cannot alter the fact that no pleading, whether for an extension of time or in opposition to the motion to dismiss, was timely filed.[3]

Finally, plaintiff's Motion for Enlargement of Time to File an Amended Complaint is not responsive to the Court's Order to Show Cause why the defendant's motion to dismiss the Complaint should not be deemed conceded. Plaintiff's supporting papers discuss the sad news of illnesses in Mr. Krieger's family, but amending the complaint will not resolve the statute of limitations or CSRA defenses. Nor does plaintiff's motion offer any further explanation why the Court should not grant the defendant's motion. Amending the Complaint may raise additional security problems for the Court or bring into play other constitutionally-based defenses for the government, but ultimately the court will have to dismiss this matter on statute of limitations grounds.

---

[3] Plaintiff's suggestion that an extension of time is required in order to permit the CIA to complete a pre-filing classification review is misleading. Plaintiff's counsel is well aware of the requirement that he submit filings for classification review, and it is plaintiff's responsibility to complete filings and submit them for such review in time to meet the deadline for filing with the Court. If plaintiff required an extension of time to complete this process, he should have timely filed a motion requesting such extension.

Because the defendant's motion to dismiss the Complaint remains unopposed and the time for filing an opposition has expired, the Court should treat the defendant's motion as conceded and dismiss this case or direct plaintiff to file a memorandum opposing that motion within seven days.

        Respectfully submitted,

        _____
        KENNETH L. WAINSTEIN, D.C. BAR # 451058
        United States Attorney

        _____
        RUDOLPH CONTRERAS, D.C. BAR # 434122
        Assistant United States Attorney

        _____
        MARIAN L. BORUM, D.C. BAR # 435409
        Assistant United States Attorney
        555 4th Street, N.W., Rm. E-4810
        Washington, D.C.  20530
        (202) 514-6531
        Counsel for Defendant

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of May 2006, service of the foregoing defendant's Opposition to Plaintiff's Motion for Enlargement of Time to File Amended Complaint was been made by first class mail, postage pre-paid, to plaintiff's counsel:

Roy W. Krieger
Krieger & Zaid, PLLC
1920 N Street, N.W., Suite 300
Washington, D.C.  20006

_____
MARIAN L. BORUM
Assistant United States Attorney