UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER B., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-2189 (RWR) |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendant. | ) |

**MOTION FOR RECONSIDERATION OF
COURT ORDER DATED JUNE 13, 2006**

NOW COMES the plaintiff Peter B., by an through his undersigned counsel, to respectfully move this Court pursuant to Rule 59 of the Rules of Civil Procedure to reconsider its Order dated June 13, 2006 that dismissed this action. A memorandum of law and proposed Order accompanies this Motion.

Date:   June 21, 2006

                                                                       Respectfully submitted,

                                                                        /s/
                                                                     _____
                                                                     Mark S. Zaid, Esq.
                                                                     DC Bar #440532
                                                                     Krieger & Zaid, PLLC
                                                                     1920 N Street, N.W.
                                                                     Suite 300
                                                                     Washington, D.C. 20036
                                                                     (202) 454-2809
                                                                     ZaidMS@aol.com

                                                                     Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PETER B.,  )<br>  )<br>   Plaintiff,  )<br>  )<br>      v.  )<br>  )<br>UNITED STATES OF AMERICA  )<br>  )<br>   Defendant.  )<br>  ) | Civil Action No. 05-2189 (RWR) |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT ORDER DATED JUNE 13, 2006[1]

Plaintiff Peter B. files this Motion to Reconsider pursuant to Rule 59 of the Federal Rules of Civil Procedure to respectfully seek the reinstatement of his claims filed under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680. The case was originally filed on November 7, 2005. As the Court's Order dismissing this case was issued June 13, 2006, and plaintiff is permitted ten days to file this Motion it is timely filed.

The case was dismissed based on the Court's understanding that the Complaint had been untimely filed and that no opposition was filed by the plaintiff to the Government's Motion to Dismiss. This Motion is being filed in an abbreviated form by the new undersigned counsel, who is contemporaneously filing a Notice of Appearance, due to an emergency family medical situation involving current counsel, which is discussed below.[2]

---

[1] All documentation surrounding this Motion has been reviewed by the Central Intelligence Agency ("CIA") for classification purposes and approved for public filing.

[2] Because of the recent events in this case, the undersigned was preparing to assume all responsibility for the litigation. Indeed, conversations commenced between the

First, the undersigned counsel, notwithstanding the Government's previous pronouncements has never been counsel of record in this case. Indeed, at no time throughout the existence of this case has the undersigned ever had any responsibility for the prosecution of this litigation. Until just recently the undersigned had never even reviewed the Complaint. That the undersigned represents the plaintiff in other matters is irrelevant, as is the fact that the undersigned has been litigating other cases in this jurisdiction during the time this case existed.[3] However, the undersigned is now, especially in light of co-counsel's circumstances, assuming full responsibility for this case from this point forward and assures the Court that should it continue all deadlines will be timely met.

Second, plaintiff's current Roy Krieger, was in the process of preparing a true

---

undersigned and Government counsel on June 6, 2006, regarding the recent Opposition, the arguments therein and the entry of appearance of the undersigned into the case. The Assistant U.S. Attorney had to first confer with Agency counsel to determine the CIA's position on several of the points the undersigned had discussed with her, including requesting additional time to file a substantive brief. These discussions concluded on or about June 12, 2006, On June 13, 2006, the undersigned telephonically contacted the Chambers of the Court to notify it that he planned on filing a Notice of Appearance to take over the case and that he intended to submit a substantive response to the Government's Opposition but that it first required a classification review by the CIA and that nothing could be filed before then. However, that same day, before counsel completed the Motion and secured approval from the CIA to file it, the Court, as Murphy's Law would dictate, issued its Order dismissing the case.

[3] Moreover, the one instance that the CIA, which is the Government agency in question in this litigation, previously cited to for the premise that the specific undersigned counsel had a history of failing to meet deadlines was completely misleading. The Government failed to also note that the case, Stillman v. Dept' of Defense, Civil Action No. 01-1342 (D.D.C.)(EGS), was reinstated to the calendar as the dismissal was the result of nothing more than an inadvertent omission by the plaintiff's counsel to simply file a consented-to Motion for Extension of Time. No Show Cause Order had been issued and the Court merely acted *sua sponte* to dismiss the case. Indeed, the case is still being litigated. The CIA is well aware of these facts as it is a defendant in the Stillman litigation.

substantive Motion that was to be timely filed. However, the undersigned was notified today at approximately 1:00 pm[4] that Mr. Krieger had to schedule an emergency flight to Minnesota this afternoon due to the serious life threatening health situation of his spouse. As this Court knows from Mr. Krieger's earlier filed Motion, he has been in the midst of some very distracting family matters (including his own health problems) that have taken him repeatedly away from the office and not permitted his attention to be focused on this and other cases. The plaintiff himself was not aware of any of these circumstances and should not be punished for whatever delays or omissions occurred by his counsel.

    Third, the Court is under the impression that the Complaint was untimely filed. This is an erroneous, but understandable, conclusion. Because the plaintiff is not using his full name and is utilizing counsel's address, it was necessary to first gain approval from the Court to allow a technical violation of the Local Rules. The November 7, 2005, date is when the Clerk entered the Complaint into the system following approval from the Court to allow the violation. However, the case was filed days before then (the undersigned counsel does not even know the exact date further demonstrating his nonparticipation) and within the six month period required by 28 U.S.C. § 2401 (b). The _exact_ date of filing can be easily determined by reviewing the _back_ (not the front) of the original Complaint as it was date stamped at the Courthouse. As the CIA's denial letter is dated May 2, 2005, if the date on the back of the Complaint is November 2, 2005, or earlier, the Complaint was timely filed.

---

[4] Arrangements were made with the CIA for this Motion to be picked up at counsel's office at 3:30 pm in order to allow for sufficient time for the CIA's classification review as well as in light of counsel's pre-existing commitment to teach a D.C. Bar CLE course this evening.

3

Fourth, the Government claims the Civil Service Reform Act ("CSRA"), Pub.L.95-454, 92 Stat. 111 (codified as amended in scattered sections of 5 U.S.C.), requires the dismissal of the plaintiff's FTCA claim. As the Government notes, Chapter 75 of the CSRA exempts from its coverage an employee "whose position is within the Central Intelligence Agency." 5 U.S.C. § 7511(b)(7). Although the CIA asserts that CSRA preempts a federal employee's FTCA claims against his employer. See American Postal Workers Union, AFL-CIO v. United States Postal Serv., 940 F.2d 704, 708 (D.C. Cir. 1991). However, as the Complaint makes clear at ¶9 that the CIA claims the plaintiff was not its employee, but a contractor. Based on the CIA's position the CSRA does not apply to the class of individuals who the plaintiffs falls within. The CIA cannot have it both ways. There exists a fact question as to the employment status of the plaintiff and thus, at this time, the CSRA cannot be said to apply. Review of extrinsic evidence governing the status of the plaintiff's employment with the CIA would be necessary before a determination the CSRA applies can be reached. See Local Union 1395, International Brotherhood of Electrical Workers v. NLRB, 797 F.2d 1027, 1030-31 (D.C. Cir. 1986); Cities of Bethany v. FERC, 727 F.2d 1131, 1144 (D.C. Cir. 1984).

Furthermore, the plaintiff would like to still, if the case is reinstated, file an Amended Complaint that would include claims not affected by the CSRA.

## **CONCLUSION**

Unique circumstances exist here that justify reinstatement of this case. The plaintiff himself should not be punished for the omissions of counsel, particularly in light of the family situations that existed. New counsel is willing and able to fully take over prosecution of this case and abide by all set deadlines. The two reasons set forth by the

4

Government for dismissal are not applicable and this case should respectfully be reinstated.[5]

Date:   June 21, 2006

                                  Respectfully submitted,

                                        /s/
                                _____
                                Mark S. Zaid, Esq.
                                DC Bar #440532
                                Krieger & Zaid, PLLC
                                1920 N Street, N.W.
                                Suite 300
                                Washington, D.C. 20036
                                (202) 454-2809
                                ZaidMS@aol.com

                                Attorney for Plaintiff

---

[5] Indeed, it is noted that in the Government's Opposition to the Plaintiff's earlier Motion it alternatively sought to simply have the plaintiff file a substantive response, presumably which would include a First Amended Complaint, within seven days of the Court's Order. Plaintiff's counsel is certainly willing to abide by that time frame if appropriate.

5