UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER B., <br> (True Name and Address Classified), <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  Civil Action No. 05-2189 (RWR) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION**

Defendant, United States of America, by and through its undersigned counsel, respectfully submits this Memorandum in Opposition to Plaintiff's Motion for Reconsideration of the Court's Order of June 13, 2006.

## I.  INTRODUCTION

Plaintiff's Motion does not meet the stringent standards governing relief under Federal Rule of Civil Procedure 59(e), pursuant to which it was filed.  Instead, Plaintiff improperly seeks to utilize the Motion for Reconsideration as a vehicle to reargue points which the Court has already rejected, and to argue new theories which could have been presented before the Court issued its decision dismissing the case.  For these reasons,  Plaintiff's motion should be denied.

## II.  ARGUMENT

### A.  Standards Governing Motions to Alter or Amend Judgment Pursuant to FRCP 59(e).

The reconsideration and amendment of a final order under Rule 59(e) of the Federal Rules of Civil Procedure is an extraordinary measure.  *Niedermeier v. Office of Baucus*, 153 F.Supp.2d 23, 28 (D.D.C. 2001) ("Motions under Fed.R.Civ.P. 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances.") *(citing Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998)).  Relief can be granted under Rule 59(e) only when there is an intervening change of controlling law, new evidence becomes available, or there is a "need to correct a clear error or prevent manifest injustice."  *Anyanwutaku*, 151 F.3d at 1057-58.  "Rule 59(e) motions are not granted if the court suspects the losing party is using the motion as an instrumentality for arguing the same theory or asserting new arguments that could have been raised prior to final judgment."  *Lightfoot v. District of Columbia*  355 F.Supp.2d 414, 421 (D.D.C. 2005); *see also Kattan by Thomas v. Dist. of Columbia*, 995 F.2d 274, 276 (D.C.Cir. 1993).

The tests for showing "clear error" or "manifest injustice" under Rule 59(e) are very demanding.  The "clear error" standard was discussed in *Piper v. U.S. Dept. of Justice*, 312 F.Supp.2d 17, 21 (D.D.C. 2004):

> Courts have generally not defined what constitutes "clear error" under Rule 59(e). *See Oneida Indian Nation of New York v. County of Oneida*, 214 F.R.D. 83, 98 (N.D.N.Y.2003). What can be learned from scarce case law on the subject is that clear error should conform to a "very exacting standard." *Id*. (*quoting Hopwood v. Texas*, 236 F.3d 256, 272 (5th Cir.2000)). District courts should have "a clear conviction of error" before finding a final judgment was predicated on clear error. *Id.* (internal citation omitted). The Seventh Circuit declared that a final judgment must be "dead wrong" to constitute clear error. *Parts & Electric Motors, Inc. v.*

*Sterling Electric, Inc.*, 866 F.2d 228, 233 (7th Cir.1988).

*Accord Lightfoot*, 355 F.Supp.2d at 422. The District of Columbia Circuit addressed the "manifest injustice" standard in *Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C. Cir. 2004), stating, "manifest injustice does not exist where, as here, a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." (internal quotations omitted).

### B.  **Plaintiff's Motion Fails to Meet the Standards for Relief under Rule 59(e).**

Plaintiffs' motion should be denied because it fails to meet the stringent standards for relief under Rule 59(e). It does not even purport to assert that there has been an intervening change of controlling law or that new evidence has become available. Nor could it do so. The law applicable to this case has not changed nor has any new evidence appeared. Indeed, the facts set out by Plaintiff in his motion were known to him when the Court granted final judgment. Plaintiff also fails to establish either clear error or manifest injustice. Instead, plaintiff offers two arguments as to why the June 13, 2006 Order was mistaken. First, he argues that the Complaint was "filed" some unspecified "number of days before" the November 7, 2005, date "when the Clerk entered the Complaint into the system ...." (Pl. Mem. at 3.) Second, he argues that the argument raised in the United States' Motion to Dismiss regarding the Civil Service Reform Act is mistaken. (Pl. Mem at 4.) Each of these arguments could have been raised in a timely opposition to the Motion to Dismiss or in a timely response to the May 11, 2006 Order to Show Cause. "[A] losing party may not use a Rule 59 motion to raise new issues that could have been raised previously." *Kattan,* 995 F.2d at 276. There is no "manifest injustice" in upholding a

dismissal that "might have been avoided through the exercise of due diligence." *Fox v. American Airlines, Inc*. 389 F.3d 1291, 1296, 363 (D.C. Cir. 2004) (case dismissed when plaintiff did not oppose motion to dismiss). It is solely due to Plaintiff's failure to make a timely filing that these issues were not before the Court prior to the dismissal.

Nor is there merit to plaintiff's vague allegation that the Complaint should be deemed to have been filed at some unspecified time before November 7, 2005. Rule 3 of the Federal Rules of Civil Procedure provides the governing standard: "A civil action is commenced by filing a complaint with the court."

> A civil action is commenced by the filing of a complaint with the court pursuant to Rule 3. Thus an action is not commenced by service of process under Rule 4, filing a motion with the court, granting a of a motion by the court, or by filing a right to sue letter.

Moores Federal Practice, 3d ed., §3.02[1] (2001) (footnotes omitted). Indeed, although Plaintiff contends that the filing was made prior to November 7, 2005, he admits "undersigned counsel does not even know the exact date" when the case was filed. (Pl. Mem. at 3.) Plaintiff's self-serving contention is simply inadequate to show that the Court erred in finding the Complaint untimely filed. In any event, any such an argument could have been raised in response to the Order to Show Cause or in an opposition to the Motion to Dismiss and need not be considered now. *See Fox*, 389 F.3d at 1291; and *Kattan*, 995 F.2d at 274. Likewise, plaintiff's claims are barred by the Civil Service Reform Act for the reasons set forth in the United States' Memorandum in Support of its Motion to Dismiss, and plaintiff has waived any arguments to the contrary.

### III.  CONCLUSION

For the foregoing reasons, plaintiff's Memorandum in Opposition to Plaintiff's Motion for Reconsideration should be denied.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____
MARIAN L. BORUM, D.C. BAR # 435409
Assistant United States Attorney
555 4th Street, N.W., Rm. 4-4810
Washington, D.C.  20530
(202) 514-6531
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of June, 2006, service of the foregoing defendant's Memorandum in Opposition to Plaintiff's Motion for Reconsideration, was been made by first class mail, postage pre-paid, to plaintiff's counsel:

> Mark Zaid, Esq.
> Roy Kreiger, Esq.
> KRIEGER & ZAID, P.L.L.C.
> 1920 N. Street, N.W.
> Suite 300
> Washington, D.C. 20036

_____
MARIAN L. BORUM
Assistant United States Attorney