UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER B.,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA<br><br>    Defendant. | Civil Action No. 05-2189 (RWR) |

**REPLY TO OPPOSITION TO**
**PLAINTIFF'S MOTION FOR RECONSIDERATION**[1]

    Plaintiff Peter B., an individual who previously maintained a covert relationship with the Central Intelligence Agency (CIA), seeks to persuade this Court to exercise its wide latitude of discretion to reinstate his action so that a legitimate substantive challenge can be pursued to allow this case to be decided on the merits. The case was dismissed by Order dated June 13, 2006, because prior counsel never filed a responsive brief to the defendant's Motion to Dismiss and it was deemed conceded. The Government, understandably, opposes the plaintiff's request.

    The plaintiff and his current counsel, who has never played any prior role in this case and only entered his appearance post-dismissal (though ironically was preparing a substantive response the day the Court entered its Order), find themselves in a very

---

[1] Due to an ECF error, which has been corrected by the Court, the undersigned counsel never received an electronic copy of the Government's Opposition. Fortunately Government counsel had also mailed a paper copy to the undersigned counsel but this was not received until Friday, July 7, 2006. In light of the circumstances, an accompanying Nunc Pro Tunc Motion for Extension of Time accompanies this reply, along with apologies from counsel.

precarious predicament. The Government presents a short legal response accurately regurgitating case citations regarding the published standard for a court's consideration of Rule 59 motions. No challenge will be raised to refute those case recitations.

All the plaintiff and counsel can do is explain the circumstances that led to the current posture. Plaintiff's original counsel is facing significant family matters, including ongoing life-threatening surgery for his spouse out-of-state, and there is little question this contributed predominantly to the circumstances that transpired. Neither plaintiff nor current counsel was truly aware of the level of seriousness. Indeed, the present whereabouts of plaintiff's original counsel is unknown. He has not been heard from in one week (and that communication was a simple text message). He has not been seen for weeks. His cell phone no longer accepts messages and he has no home telephone. His e-mail account has been suspended. Repeated voicemails left on his office line on a daily basis have not been returned. Mail has not been picked up for weeks. There is no known way to locate or contact him. In the aftermath, current counsel is left trying to rekindle the dying embers of this case through every possible means so as not to allow the plaintiff to be punished for counsel inaction and conduct. There is really nothing more that can be said to explain what happened in this case.

Finally, at least with respect to the argument that the Complaint was not timely filed, on July 10, 2006, the undersigned counsel confirmed with the Clerk's Office for the U.S. District Court for the District of Columbia that the Complaint was "filed" with the Court on November 1, 2005. Declaration of Mark S. Zaid, Esq., at ¶4 (dated July 10, 2006), attached at Exhibit "1". Because of the classified sensitivity surrounding the identity of the plaintiff an accompanying motion to seek leave to violate the local rules was required

in order to void the requirement for the plaintiff's last name and address. That motion, which was a technical not substantive necessity, was not ruled upon until November 7, 2005, which is why the docketing report notes that the date of the filing was November 7, 2005.[2]

However, it was verified that a date stamp does exist on the back of the Complaint indicating the Complaint was submitted to the Court at 9:15 p.m. on November 1, 2005. Id. at ¶3. Given that the CIA mailed its denial letter on May 2, 2005, the Complaint was timely filed.

At the end of the day, the Government cannot demonstrate that it has suffered or will suffer any prejudice by the experienced delays, nor will it by reinstatement of this case. Under the unusual circumstances that exist, the plaintiff respectfully requests one final opportunity to pursue his case (preferably through the filing of an Amended Complaint).

Date:   July 10, 2006

                                          Respectfully submitted,

                                            /s/
                                        _____
                                        Mark S. Zaid, Esq.
                                        DC Bar #440532
                                        Krieger & Zaid, PLLC
                                        1920 N Street, N.W., Suite 300
                                        Washington, D.C. 20036
                                        (202) 454-2809
                                        ZaidMS@aol.com

                                        Attorney for Plaintiff

---

[2] The Government's reliance on Rule 3 of the Federal Rules of Civil Procedure notwithstanding, the reference to "filing a motion with the court" would seem to indicate such a pleading was utilized in the place of a Complaint, rather than accompanying it separately for other purposes. That is not the case here. The plaintiff's Complaint was filed on November 1, 2005.