**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                      )
**PETER B.,**                         )
                                      )
    **Plaintiff,**        )
                                      )
          **v.**        )    **Civil Action No. 05-2189 (RWR)**
                                      )
**UNITED STATES OF AMERICA,**         )
                                      )
    **Defendant.**        )
_____ )

### MEMORANDUM OPINION AND ORDER

Plaintiff moves to reconsider the order granting defendant's motion to dismiss as conceded and dismissing this case. Defendant opposes the motion. Because plaintiff has stated a sufficient reason to justify relief from judgment, plaintiff's motion will be granted.

### BACKGROUND

On November 1, 2005, plaintiff delivered to the Clerk's Office a complaint against the United States alleging various acts of tortious conduct by the Central Intelligence Agency ("CIA") that caused plaintiff severe emotional distress.[1] The complaint was docketed as having been filed on November 7, 2005. Plaintiff had filed his administrative claim under the Federal Tort Claims Act, 28 U.S.C. § 2675, in November 2004, and the CIA mailed its denial of the claim on May 2, 2005. The defendant

---

[1] The court's copy of the complaint reflects receipt by the Clerk's Office on November 1, 2005 at 9:16 p.m.

- 2 -

moved to dismiss this case for want of subject matter

jurisdiction, arguing that plaintiff failed to bring this claim

by November 1, 2005 -- within six months of the CIA mailing

notice of the claim's denial to plaintiff -- as required by 28

U.S.C. § 2401(b).  Plaintiff did not oppose defendant's motion

within the time prescribed by the local rules and was ordered to

show cause in writing why the motion to dismiss should not be

deemed conceded.  Plaintiff, through his attorney, responded to

the show cause order by filing a motion for extension of time to

amend the complaint, citing the personal circumstances of

plaintiff's attorney -- namely, the illness of the attorney and

the serious illness of the attorney's wife -- for causing the

delay.  However, the response failed to state a reason why the

motion to dismiss should not be granted and failed to explain how

the amended complaint would cure any defect in the original

complaint.  An order issued on June 13, 2006 granted as conceded

defendant's motion to dismiss, merely noting that defendant's

motion appeared to have merit, and dismissed the case.

     Plaintiff now has obtained a new attorney and moves for

reconsideration of the dismissal, arguing that the plaintiff

himself was unaware of his original attorney's circumstances and

should not be punished for that attorney's shortcomings, and that

- 3 -

defendant's motion to dismiss lacked merit.[2]  Defendant opposes

the motion arguing that the reasons proffered by plaintiff are

insufficient to warrant reconsideration.

DISCUSSION

On the motion of a party and "upon such terms as are just,"

a district court may relieve a litigant from a final judgment.

Fed. R. Civ. P. 60(b).  In exercising this discretion, a district

court "must balance the interest in justice with the interest in

protecting the finality of judgments."  Summers v. Howard Univ.,

374 F.3d 1188, 1193 (D.C. Cir. 2004).  However, it is "contrary

to the spirit of the Federal Rules of Civil Procedure for

decisions on the merits to be avoided on the basis of . . . mere

technicalities."  English-Speaking Union v. Johnson, 353 F.3d

1013, 1021 (D.C. Cir. 2004) (quoting Foman v. Davis, 371 U.S.

178, 181 (1962)); Spann v. Comm'rs of D.C., 443 F.2d 715, 716 n.1

(D.C. Cir. 1970) (noting the "liberal spirit" of rule 60(b) and

"the basic policy favoring resolution of litigation on the

merits").  An unwitting plaintiff need not be thrown out of court

---

[2] The defendant's motion to dismiss argued that this case
should be dismissed because plaintiff's complaint was untimely
filed and that since plaintiff was an employee of the Central
Intelligence Agency, the Civil Service Reform Act ("CSRA") barred
plaintiff's claims.  (See Def.'s Mot. to Dismiss at 3-8.)  The
plaintiff contends in his motion for reconsideration that the
complaint was not untimely filed because it was received timely
by the Clerk's Office on November 1, 2005 and that the CSRA does
not bar the plaintiff's claims because plaintiff was not an
employee of the CIA within the meaning of the CSRA.  (See Pl.'s
Mot. to Reconsider at 2-4.)

- 4 -

when "personal problems of counsel cause him grossly to neglect a diligent client's case." L.P. Steuart, Inc. v. Matthews, 329 F.2d 234, 235-36 (D.C. Cir. 1964) (holding that Rule 60(b)(6) "'vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'") (quoting Klapprott v. United States, 335 U.S. 601, 614-15 (1949)).

Here, defendant's motion to dismiss was granted as conceded rather than on the merits following full briefing.  Plaintiff now has new counsel and disputes the merits of defendant's motion to dismiss.  Nothing indicates that the plaintiff himself was less than diligent in pursuing his claim, and the unfortunate circumstances that befell his original lawyer should not prevent plaintiff from having his day in court.  Importantly, defendant alleges no prejudice if plaintiff's motion is granted.  Under these circumstances, it is appropriate to vacate the previous judgment of dismissal and allow plaintiff to oppose defendant's motion to dismiss on the merits in order to accomplish justice in this case.

## CONCLUSION AND ORDER

Because plaintiff has stated a sufficient reason to justify relief from judgment, plaintiff's motion for reconsideration will be granted.  Accordingly, it is hereby

- 5 -

ORDERED that plaintiff's motion [16] for reconsideration be, and hereby is, GRANTED.  The Order of June 13, 2006 dismissing this case is VACATED.  Plaintiff shall file an opposition to defendant's motion to dismiss on or before August 1, 2006.  It is further

ORDERED that plaintiff's motion [19] for an extension of time to file a reply be, and hereby is, GRANTED *nunc pro tunc*.

SIGNED this 19th day of July, 2006.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge