**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PETER B.
(True Name And Address, Classified)

Plaintiff,

v.

UNITED STATES OF AMERICA

Defendant.

Civil Action No. 05-2189 (RWR)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**[1]

Plaintiff Peter B. performed services for more than a decade for the Central Intelligence Agency ("CIA"). He filed this very narrow legal challenge pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, to challenge certain specific conduct of the CIA. However, the legal and factual capacity or status in which he worked for the CIA is in dispute. Was he an employee, an independent contractor or even some unknown hybrid? The answer to that question dictates different results in this case. Thus, until this issue can be resolved through limited discovery the Government's Motion to Dismiss on the basis that the Civil Service Reform Act ("CSRA"), Pub.L.95-454, 92 Stat. 111 (codified as amended in scattered sections of 5 U.S.C.), precludes relief cannot be properly addressed and should be denied without prejudice.

Moreover, as the original Complaint was filed with the Court on November 1, 2005, it was timely filed and that portion of the Government's Motion can be denied outright.

[1] This Opposition and its attachments have been reviewed by the CIA for classification purposes and approved for public filing.

**ARGUMENT**

A motion for dismissal under "Rule 12(b)(1) [of the Federal Rules of Civil Procedure] presents a threshold challenge to the court's jurisdiction ...." Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987)(citations omitted). Specifically, Rule 12(b)(1) permits dismissal of a complaint if the court "lacks jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The "plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Amer. Farm Bureau v. EPA, 121 F. Supp.2d 84, 90 (D.D.C. 2000). In evaluating whether it has subject matter jurisdiction, the court must construe the complaint liberally, and give the plaintiff the benefit of all reasonable inferences. See Tozzi v. EPA, 148 F. Supp.2d 35, 41 (D.D.C. 2001), citing Scheuer v. Rhodes, 416 U.S. 232 (1974). The court must view the allegations as a whole, and a conclusory averment of subject matter jurisdiction negated by other allegations in the pleading should result in dismissal. Tozzi, 148 F.Supp.2d at 41 (citation omitted).

This rule also imposes "an affirmative obligation [on the Court] to ensure that it is acting within the scope of its jurisdictional authority ... [and for this] reason, the 'plaintiff's factual allegations in the complaint ... will bear closer scrutiny in resolving a 12(b)(1) motion' than on a 12(b)(6) motion for failure to state a claim." Fowler v. D. C., 122 F. Supp. 2d 37, 40 (D.D.C. 2000)(citations omitted).

A Court is therefore permitted to rely on documents beyond the pleadings to assure itself that it possesses jurisdiction. See Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947); Coalition for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003); EEOC v. St. Francis Xavier Parochial School, 117 F.3d 621, 624-25 n.3 (D.C. Cir. 1997); Hohri v. United States, 782 F.2d 227, 241 (D.C. Cir. 1986); Hudert v. Alion Sci. & Tech.

Corp., 429 F. Supp. 2d 99, 105 (D.D.C. 2006); Artis v. Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002). By considering documents outside the pleadings to resolve a challenge to the court's subject matter jurisdiction the court does not convert the motion into one for summary judgment; "the plain language of Rule 12(b) permits only a 12(b)(6) motion to be converted into a motion for summary judgment." Haase, 835 F.2d at 905 (emphasis in original). However, an independent inquiry may be undertaken by the court to assure itself of its own subject matter jurisdiction without triggering *unnecessary* discovery. Id. at 907-08; Totten v. Norton, 421 F. Supp.2d 115, 122 (D.D.C. 2006).

However, just because the court has the power to go beyond the pleadings, it remains "settled law [that] the District Court may in appropriate cases dispose of a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P12(b)(1) on the complaint standing alone." Herbert v. Nat'l Acad. of Science, 974 F.2d 192, 197 (D.C. Cir. 1992). A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) should not prevail "unless plaintiffs can prove no set of facts in support of their claim which would entitle them to relief." Kowal v. MCI Commun. Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); Beverly Enters., Inc. v. Herman, 50 F. Supp. 2d 7, 11 (D.D.C. 1999).

## I. THE PLAINTIFF'S COMPLAINT WAS TIMELY FILED

Peter B. filed his FTCA claim with the CIA on November 1, 2004. It is undisputed that the CIA mailed its denial of his administrative claim on May 2, 2005. Complaint, ¶5 (filed November 1, 2005). Title 28 of the U.S. Code, Section 2401, "requires the claimant both to file the claim with the agency within two years after accrual of the claim and then

to file a complaint in the District Court within six months after the agency denies the claim." Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980).

As the Court noted in its July 19, 2006, Memorandum Opinion and Order, Peter B. filed his Complaint with the Court on November 1, 2005, at 9:16 p.m.[2] See Memorandum Opinion and Order at 1 fn. 1. It was not docketed, however, until several days later on November 7, 2005.

Rule 3 of the Federal Rules of Civil Procedure provides that a civil action is commenced by filing a complaint with the court. West v. Conrail, 481 U.S. 35, 38 (1987). The Government has failed to identify any cases that define "filing" as anything other than the act of providing a copy of the Complaint to the Court through the established system. That a case was "docketed" within the court computer system on a date later than when it was actually physically presented to the court for filing has not been found in any known cases to modify the actual "filing" date.

In fact, the Honorable Rosemary Collyer just decided a very similar case in Tyler v. D.C., 2006 U.S. Dist. LEXIS 48274 (D.D.C. July 18, 2006)(copy attached as Exhibit

---

[2] There is no indication in either the Federal Rules of Civil Procedure or the Local Rules of this Court that seemingly requires the filing to occur within normal business hours. Indeed, the very existence of the night filing box, which was utilized in this instance, would demonstrate otherwise. While it would certainly have been preferable to have filed the case days before in order to have avoided this mess in the first place, prior counsel chose to do otherwise. Indeed, the only requirement in the Local Rules for the filing of a document with the Clerk's Office during a specific time frame is with sealed pleadings, see LCvR 5.1 (j)(4), which was not relevant to this case. Though filed on apparently the last possible day, the Complaint complies with both Rules 3 and 8 of the Federal Rules of Civil Procedure and was therefore timely filed. Even if the D.C. Local Rules were violated, this is inconsequential. See Lyons v. Goodson, 787 F.2d 411, 412 (8th Cir. 1986)(complaint deemed filed as "a local rule should not be 'elevated to the status of a jurisdictional requirement' or 'applied in a manner that defeats altogether a litigant's right to access to the court.'"); Loya v. Desert Sands Unified School District, 721 F.2d 279, 280 (9th Cir. 1983)(same).

"A"), where the plaintiff filed her Complaint in the Clerk's after-hours box, but the civil cover sheet was missing. The Clerk did not docket the Complaint until nearly one week later when the cover sheet was supplied. That latter date occurred after the lapsing of the relevant statute of limitations period. However, Judge Collyer ruled that "[f]or statute of limitations purposes, a complaint is deemed to be filed with the Clerk when it is placed in the Clerk's custody, even if it is technically deficient." Id. at *2 n.1. See e.g., Mondy v. Secretary of Army, 845 F.2d 1051, 1058 n.2 (D.C. Cir. 1988)(Receipt by clerk's office of *pro se* complaint accompanied by an *in forma pauperis* application constitutes a filing for statutory time limitation purposes); Lyons, 787 F.2d at 412 (complaint timely filed even though duplicate copies were missing); Loya, 721 F.2d at 281 (complaint timely filed even though it was on the wrong size paper); Moffitt v. United States, 430 F. Supp. 34, 36 (E.D. Tenn. 1976)(complaint timely filed despite lack of cover sheet).

Thus, the Complaint was timely filed within the statutory period.

## II. ADDITIONAL INFORMATION IS REQUIRED BEFORE THE COURT CAN REACH A DETERMINATION THAT THIS ACTION IS PRECLUDED BY THE CIVIL SERVICE REFORM ACT

The FTCA does not require that the claimant be an employee of a federal agency in order to pursue such a claim. The Government argues, however, that if the individual is a federal employee and alleges termination than their FTCA claim would be precluded by the CSRA.

The CSRA replaced the preexisting "patchwork system with an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of various categories of federal employees with the needs of sound and efficient administration." United States v. Fausto, 484 U.S. 439 (1988). In Bush v. Lucas, the Supreme Court held

that the CSRA consists of "comprehensive procedural and substantive provisions giving meaningful remedies against the United States." 462 U.S. 367, 368 (1983). However, the CSRA exempts from its coverage an *employee* "whose position is within the Central Intelligence Agency." 5 U.S.C. § 7511(b)(7).

But Section 7511(a)(1) defines an employee, in relevant part, as: (1) an individual in the competitive service who has fulfilled the requisite length of service; (2) a preference eligible individual in the excepted service who has completed one year of current continuous service in the same or similar position in an Executive agency; and (3) a non-preference individual in the excepted service who has completed two years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to two years or less. 5 U.S.C. § 7511(a)(1)(A)-(C)(2000).[3]

It may well be that at the end of the day Peter B.'s narrow FTCA claims are precluded by the CSRA, but was Peter B. an "employee" of the CIA as that term is defined by the CSRA?[4] The CIA says no. Declaration of Mark S. Zaid, Esq., at *passim*

[3] In analyzing similar criteria for the definition of "employee" as set forth in 5 U.S.C. § 2105(a)(1982), the D.C. Circuit in Horner et al. v. Acosta et al., 803 F.2d 687, 691-692 (1986), noted that the "elements have independent significance and are strictly applied." Because the plaintiffs did not meet each of the criteria in Horner, as is the case here according to the CIA's own statements, the CSRA did not apply. Id. at 696. See McCarley v. Merit Systems Protection Board, 757 F.2d 278, 280 (Fed. Cir. 1985); Costner v. United States, 665 F.2d 1016, 1020 (1981); Baker v. United States, 614 F.2d 263, 268 (1980); National Treasury Employees Union v. Reagan, 663 F.2d 239, 246 (D.C. Cir. 1981).

[4] As the Government must argue, a *federal employee* alleging employment-related tort claims subject to the CSRA may not bring an action under the FTCA. See Saul v. United States, 928 F.2d 829, 841-42 (9th Cir. 1991); Rivera v. United States, 924 F.2d 948, 951 (9th Cir. 1991). Peter B., according to numerous statements made by the CIA, was not a federal employee. Therefore, his tort claims cannot be precluded by the CSRA.

(dated August 1, 2006), attached at Exhibit "B". In fact, this area of dispute was specifically referenced in Peter B.'s Complaint wherein paragraph nine states:

> On or about October 3, 2002 Plaintiff was summarily separated from his CIA employment on the claim that he was not a staff employee, but only a contractor, and that his contract was being terminated immediately for unspecified reasons.

If Peter B. was a "contractor", rather than a CIA "employee", then the CSRA does not apply. See Thompson v. MSPB, 421 F.3d 1336, 1338-1339 (Fed. Cir. 2005)(contract employee not considered an "employee" under CSRA). Of course, this dispute can be easily cleared up so as to identify and confirm Peter B.'s exact employment status with the CIA. The CIA has in its possession all the relevant evidence. Zaid Decl. at ¶¶5-8. Limited discovery, in the form of document production, interrogatories and perhaps a couple of depositions, would resolve this matter completely.

Such practice has been condoned by other courts handling (b)(1) disputes. "Trial judges enjoy substantial procedural flexibility in handling Rule 12(b)(1) motions. But the record must clearly establish that after jurisdiction was challenged the plaintiff had an opportunity to present facts by affidavit or by deposition, or in an evidentiary hearing, in support of his jurisdictional contention." Berardi v. Swanson Mem'l Lodge No. 48, 920 F.2d 198, 200 (3d Cir. 1990)(internal citation omitted).[5] See also Fassl v. Our Lady of Perpetual Help Roman Catholic Church, 2006 U.S. Dist. LEXIS 11054, *2 (E.D.Pa. Mar. 13, 2006)(discovery permitted to resolve (b)(1) dispute), attached at Exhibit "C"; Estate of Kalman v. United States, 2006 U.S. Dist. LEXIS 9267, *2 (D.S.C. Feb 16, 2006)(same), attached at Exhibit "C".

As the court must construe the complaint liberally and give Peter B. the benefit of all reasonable inferences, Tozzi, 148 F. Supp.2d at 41, the CIA's Motion cannot yet be granted until such time as limited discovery takes place and the question of Peter B.'s true employment status is resolved.

**CONCLUSION**

Based on the foregoing, this Court should respectfully deny the Government's Motion without prejudice and permit limited discovery to resolve the (b)(1) disputed issues.

Date: August 1, 2006

Respectfully submitted,

/s/

Mark S. Zaid, Esq.
DC Bar #440532
1920 N Street, N.W.
Suite 300
Washington, D.C. 20036
(202) 454-2809
ZaidMS@aol.com

Attorney for Plaintiff

[5] See also Sierra Club v. Mainella, 2005 U.S. Dist. LEXIS 18911, *15 n.3 (D.D.C. Sept. 1, 2005)(law in this Circuit continues to authorize the resolution of disputed jurisdictional facts), attached at Exhibit "C".