# EXHIBIT "B"

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PETER B.<br>(True Name And Address, Classified)<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | Civil Action No. 05-2189 (RWR) |

**DECLARATION OF MARK S. ZAID, ESQ.**

The undersigned hereby declares as follows:

1. I am a person over eighteen (18) years of age and competent to testify. I make this Declaration on personal knowledge. This Declaration is submitted in support of the plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

2. I am now the attorney for the plaintiff in this specific lawsuit. I am admitted to practice law in the States of New York, Connecticut and the District of Columbia, as well as the D.C. Circuit, Second Circuit and Fourth Circuit Court of Appeals, and the United States District Courts for the District of Columbia, Maryland, Eastern District of New York, Northern District of New York and the Southern District of New York.

3. Since in or around late 2004, I have represented the plaintiff in a variety of issues pertaining to his and his spouse's previous relationship with the Central Intelligence Agency ("CIA"). As part of my representation I recall having participated in at least two (and perhaps even three) meetings at CIA Headquarters to discuss the employment status

of the plaintiff. The plaintiff was present for at least one of these meetings, and possibly two.

4. The CIA has continually asserted to me that the plaintiff was <u>not</u> an employee of the Agency, but rather some type of independent contractor (or hybrid contractor) who could be terminated at the convenience of the Government. After more than a decade of services performed in a covert manner where his life was at risk, the plaintiff was unceremoniously terminated without any administrative remedies, or even an explanation, whatsoever.

5. John Martinez, an attorney with the CIA who was representing the component for which the plaintiff used to perform services, made it very clear to me that the plaintiff was not considered an employee and never was during any of the time he participated in Agency operations. Mr. Martinez further claimed that the Agency had proof that this was the case in the form of documentation executed by the plaintiff himself.

6. Naturally I requested the opportunity to review the relevant documentation. I had executed a secrecy agreement for purposes of this specific representation and I was already participating in a classified conversation so one would have thought I would be permitted to read these "damning" documents. However, the CIA refused to produce the documents even for review at CIA Headquarters. No rationale or substantive reason was given. Even when asked to provide a redacted copy of the substantive text of the document in order to simply permit confirmation that the signature on the said document was that of the plaintiff the CIA refused to do so. No rationale or substantive reason was given.

7.  Interestingly, in another case against the CIA filed by the plaintiff's spouse (in which I also serve as counsel), it was believed the spouse had not executed any secrecy agreements with the Agency. When we set forth that position the CIA did not hesitate to bring apparently classified documents to my home for my personal review so that it could be shown that, in fact, the spouse had executed secrecy agreements. Apparently when the documents support the CIA's position they will not hesitate to reveal them.

8.  Whether or not the plaintiff was an employee or some sort of expendable contractor for the CIA is a factual and/or legal matter that can easily be resolved through limited discovery. The relevant documentation is within the possession of the CIA. Presumably a single document production request for all files relating to the plaintiff would accomplish the task. A few interrogatory requests to clarify the plaintiff's status with the Agency would reveal what this Court needs to know in order to reach a determination as to whether the CSRA precludes the FTCA claims. One or two depositions of Agency officers who have expertise regarding employment matters would no doubt shed significant light on this dispute.

9.  If the CSRA precludes the plaintiff's narrow FTCA claims because he was a CIA employee, then so be it. There is nothing I as counsel, or this Court, can do to change that factual and legal reality. However, the CIA cannot have its cake and eat it too. The CIA claims the plaintiff was <u>never</u> an employee. That means the CSRA does not apply and the FTCA claims survive. Before this Court rules one way or the other, the true facts should be known and limited discovery, based on a schedule set by the Court, will permit this to occur without any prejudice to the parties.

I do solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge.

Date:   August 1, 2006

/s/
_____
Mark S. Zaid, Esq.
Attorney for Plaintiff

4