UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER B., <br> (True Name and Address Classified), <br>       Plaintiff <br>   v. <br> THE UNITED STATES OF AMERICA, <br>       Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil No. 05-2189 (RWR) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**I. INTRODUCTION**

Defendant United States of America respectfully submits this Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Plaintiff makes two arguments in his response brief to show why his case should not be dismissed: (1) that his Complaint was timely filed with the Court on November 1, 2005, rather than on November 7, 2005, as the date-stamp on the front of the Complaint indicates; and (2) that the status of his employment with the Central Intelligence Agency ("CIA") is unclear and that limited discovery will be needed to determine his employment status so that the Court can then determine whether to dismiss his case as being precluded by the Civil Service Reform Act ("CSRA").[1]

---

[1] Plaintiff's response brief discloses portions of the Complaint that had originally been redacted. The agency reviewed Plaintiff's brief before he filed it with the Court and inadvertently approved its release without noticing that it contained redacted information. Because this information already has been publically disclosed, the agency has consented to

Because it appears that the Complaint was submitted for filing on November 1, 2005, rather than on November 7, 2005, the United States hereby withdraws its motion based on the Federal Tort Claims Act's ("FTCA's") statute of limitations which requires suit to be filed within the six-month period after denial of an administrative claim. Plaintiff's case, however, still must be dismissed because he cannot overcome the remaining jurisdictional defects.

Plaintiff alleges in his Complaint that he was a staff employee of the CIA. Exhibit 1, ¶ 8. If he was a staff employee as he alleges, then his suit must be dismissed because it is precluded under the CSRA. If, as plaintiff argues in his response brief, his employment status does not fit within the definition of an "employee" under the CSRA, his suit is still precluded by the CSRA, and he is without any other remedy for suit. Finally, if Plaintiff is a contractor for the CIA, then his suit must be dismissed because the Court lacks jurisdiction under the FTCA for contract claims, and Plaintiff's suit would be precluded by the Contracts Dispute Act ("CDA"). Therefore, no discovery is needed to reach the conclusion that Plaintiff's suit must be dismissed.

## II.  ARGUMENT

### Plaintiff's Federal Tort Claims Act Suit Must Be Dismissed

A     <u>Plaintiff's Suit Is Precluded by the Civil Service Reform Act</u>.

Plaintiff does not dispute that his suit is precluded by the CSRA if he was a staff employee of the CIA. The law on this point is clear. The CSRA exempts from coverage any employee whose position is within the CIA. 5 U.S.C. § 7511(b)(7). The fact that CIA employees have no remedy under the CSRA does not mean that they can search out other remedies (such as an FTCA suit) for their grievances. See American Postal Workers Union,

---

release a partially unredacted version of the Complaint. A copy is attached hereto as Exhibit 1.

AFL-CIO v. United States Postal Serv., 940 F.2d 704, 709 (D.C. Cir. 1991) (The exclusion of a class of employees from the protections of the CSRA does not leave these employees "'free to pursue whatever judicial remedies [they] would have had before enactment of the CSRA.' . . . Rather, such exclusion evinces a 'clear congressional intent to deny the excluded employees the protections of Chapter 75 – including judicial review – for personnel action covered by that chapter.'" (internal citations omitted and alteration in original)).

In an attempt to save his suit from dismissal, Plaintiff now asserts that he may not have been a federal employee as the term "employee" is defined by 5 U.S.C. § 7511(a)(1) of the CSRA. He argues that if he was not an employee as contemplated by the statute, then his suit is not precluded by the CSRA.

Plaintiff's reasoning has already been specifically rejected by the Supreme Court in United States v. Fausto, 484 U.S. 439, 450-54 (1988) (rejecting the argument that employees who are excluded from the definition of "employee" in § 7511(a)(1) retain their pre-CSRA remedies). The definition of the term "employee" in § 7511(a)(1) does not include all federal employees: "[The] procedural safeguards [of Chapter 75] do not apply to all employees of government agencies who have experienced serious adverse disciplinary actions. Rather they apply only to those included within the statutory definition of 'employee.'" Royals v. Tisch, 864 F.2d 1565, 1567 (11th Cir. 1989). Personnel who do not fall within the definition of "employee" as defined by the CSRA are still precluded from bringing suit. Id. (holding that a federal employee whose employment status did not fall under the definition of "employee" as stated in § 7511(a)(1) could not seek redress under the CSRA and was precluded from other judicial

remedy); see also Diaz v. United States Postal Service, 853 F.2d 5 (1st Cir. 1988) (same).[2] Thus, even if Plaintiff was not an employee of the CIA under the definition of "employee" set out in § 7511(a)(1), his suit is still precluded by the CSRA, and he is without another remedy.

    B.    <u>If Plaintiff Was a Contractor, the Court Lacks Jurisdiction Under the Federal Tort Claims Act for Contract Claims, and His Suit Is Precluded by the Contract Disputes Act</u>.

Plaintiff asserts in his response and his attorney states in a declaration that, instead of employee status, Plaintiff may have been "some type of independent contractor or hybrid contractor who could be terminated at the convenience of the Government."[3] If Plaintiff was a contractor, then his suit is based in contract rather than in tort, and this Court lacks jurisdiction over it.

The waiver of immunity embodied in the FTCA pertains to tort actions only, and does not grant jurisdiction for contractual claims. Woodbury v. United States, 313 F.2d 291 (9th Cir. 1963); see also Blanchard v. St. Paul Fire and Marine Ins. Co., 341 F.2d 351, 357 (5th Cir. 1965) ("That claims based upon breach of contract are wholly alien to the Tort Claims Act is beyond question."), cert. denied, 382 U.S. 929 (1965). The reason for this limitation, and the jurisdictional scheme behind it, was explained by the Ninth Circuit in Woodbury:

---

[2] Thompson v. Merit Systems Protection Board, 421 F.3d 1336 (Fed. Cir. 2005), cited by Plaintiff, supports this argument as well. In Thompson, the plaintiff argued that he had a right to appeal an adverse employment action to the Merit Systems Protection Board because he was an "applicant [for federal] employment." The Eleventh Circuit looked to the definition of "employee" contained in 5 U.S.C. § 7511(a)(1) to define the term "applicant for employment." Id. at 1337-1339. In finding that the plaintiff was not an "applicant for employment" as the court defined that term, the court held that he had no right to appeal to the Merit Systems Protection Board. Id. at 1339.

[3] As a side note, if Plaintiff's contract could be terminated at the Government's convenience, then he has no claim for wrongful termination.

4

> Under the federal statutes, jurisdiction of the courts over contract claims against the government is different from jurisdiction over tort claims. Contract claims are covered by the Tucker Act, . . . which confers upon the Court of Claims jurisdiction over "any claim against the United States . . . founded . . . upon any express or implied contract with the United States . . . in cases not sounding in tort. The district courts have concurrent jurisdiction of such cases under 28 U.S.C. § 1346(a)(2), but only when the claim does not exceed $10,000. Jurisdiction over tort claims against the government is made "exclusive" to the district courts by 28 U.S.C. § 1346(b).

Woodbury, 313 F.2d at 295.  Therefore, according to the statutory scheme, tort claims are heard in District Courts while contract claims are heard in the Court of Federal Claims.  Courts have adhered to this policy by refusing to allow FTCA claims where the contract is essential to the action.  E.g., Blanchard, 341 F.2d at 359; Petersburg Borough v. United States, 839 F.2d 161 (3rd Cir. 1988); Wolf v. United States, 855 F. Supp. 337 (D. Kan. 1994).

In determining whether a claim is based in tort or contract, a court is not bound by the parties' characterizations of the complaint.  See City Nat'l Bank v. United States, 907 F.2d 536, 546 n.9 (5th Cir. 1990); see also Coffey v. United States, 626 F. Supp. 1246, 1248 (D. Kan. 1986) (declining to exercise jurisdiction over tort claim arising out of a contract); Haney v. Castle Meadows, Inc., 868 F. Supp. 1233, 1237 (D. Colo. 1994) (refusing to accept the plaintiff's characterization of his claims as sounding in tort and not in contract).  The contractual nature of Plaintiff's suit is apparent.  Plaintiff has alleged that he was terminated from the CIA because his "contract was being terminated immediately for unspecified reasons."  Exhibit 1, ¶ 9.  See Blanchard, 341 F.2d at 357 n.3 ("[I]t is axiomatic that the breach of one's own contract is not a tort."), citing Prosser, Torts, § 106, p. 728 (2d Ed. 1955).  In addition, one of the purported torts Plaintiff alleges is the negligent interference with his prospective economic opportunity, which is expressly barred under the FTCA's interference with the contract rights exception contained in

28 U.S.C. 2680(h).  See Art Metal-U.S.A., Inc., v. United States, 753 F.2d 1151, 1153-55 (D.C. Cir. 1985).  If Plaintiff is a contractor, then his suit is in essence a contract suit and should be dismissed for lack of subject matter jurisdiction.

Finally, Plaintiff's suit is precluded by the Contracts Dispute Act of 1978, codified at 41 U.S.C. §§ 601-613.  As the CSRA does for employment actions, the CDA provides a comprehensive statutory system of legal and administrative remedies in resolving Government contract claims.  Janicki Logging Co. v. Mateer, 42 F.3d 561, 564-65 (9th Cir. 1994) (citing Bush v. Lucas, 462 U.S. 367 (1983), a CSRA case); United States v. McDonnell Douglas Corp., 751 F.2d 220, 223 (8th Cir. 1984).  It covers a vast range of government contracts, including any express or implied contract entered into by an executive agency for the procurement of services.  41 U.S.C. § 602(a).

In this case, if Plaintiff is a government contractor rather than an employee, then his suit is precluded by the CDA instead of the CSRA.  See Janicki, 42 F.3d at 564-565 (CDA precluded a contractor's Bivens suit against the United States); Advanced Materials, Inc. v. United States, 955 F. Supp. 58, 59 (E.D. La. 1997) (dismissing contractor's FTCA claim because it was founded on a contract dispute and fell under the CDA); Teel v. Di Leonardi, No. C 2568, 1999 WL 133997, at *2-3 (N.D. Ill. March 5, 1999) (if plaintiff was an employee of the U.S. Marshall Service, his Bivens claim was precluded by the CSRA; if he was an independent contractor, his claim was precluded by the CDA).

Here, it makes no difference whether Plaintiff was a staff employee of the CIA, an employee whose employment status does not fall under the definition of "employee" in §

6

7511(a)(1) of the CSRA, an independent contractor or "some hybrid contractor." Under any scenario, his claims are subject to dismissal. No discovery is needed to reach this conclusion.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction should be granted.

Respectfully submitted,


/s/
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. Bar #435409
Assistant United States Attorney
501 Third Street, N.W., Fourth Floor
Washington, DC 20530
202-514-6531

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2006, I caused to be served upon counsel for Plaintiff a true and correct copy of Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction by ECF:

> Roy W. Kreiger
> KRIEGER & ZAID, P.L.L.C.
> Kriegerr@att.net
>
> Mark S. Zaid
> KRIEGER & ZAID, P.L.L.C.
> Zaidms@aol.com

/s/
Marian L. Borum, D.C. Bar #435409
Assistant United States Attorney
501Third Street, N.W., Fourth Floor
Washington, DC 20530
202-514-6531