**Defendant's Exhibit No. 1**
**Peter B. v. United States of America**

Case 1:05-cv-02189-RWR   Document 25-2   Filed 08/22/2006   Page 1 of 5

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

PETER B., )
(True Name and Address )
Classified), )
  )
  Plaintiff )
  )
v. ) Civil No. _____
  )
THE UNITED STATES OF )
AMERICA )
  )
  Defendant )

## COMPLAINT

NOW COMES Plaintiff, Peter B., by and through undersigned counsel, pursuant to Rule 3, Fed.R.Civ.Proc., and for his Complaint against The United States of America, avers as follows:

### JURISDICTION

1. The jurisdiction of this Court is based upon the existence of a Federal question and/or an agency and employee of the United States as a Defendant. Plaintiff is a citizen of the United States of America and Foreign Country A.[1] Plaintiff presently resides in Foreign Country B and maintains a residence in the State of New York at Levittown. Plaintiff is a former employee of the CIA who remains in covert status.

2. Beginning in 2001 and continuing to the present, Defendant has injured Plaintiff through negligent acts and omissions for which Defendant would, if a private

---

[1] Throughout Plaintiff's Complaint, classified locations (foreign and domestic) will be designated by letter.

person, be liable under the Laws of the State of New York.

3. Defendant's complained of acts and omissions have occurred within and/or had their operative effect in the State of New York, Foreign Countries A and B, and ▮▮▮▮▮▮▮▮.

4. Jurisdiction exists pursuant to 28 U.S.C. §§ 1331 & 1346; and, the doctrine of pendant jurisdiction.

5. On November 1, 2004 Plaintiff submitted to Defendant CIA an administrative claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675. On May 2, 2005 Defendant CIA mailed its denial of said claim. This suit is brought within six months thereafter.

6. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) & (e), 1402(b); and, the doctrine of pendant venue.

7. Service of process on all Defendants may be accomplished pursuant to Rule 4, Fed.R.Civ.Proc.

## FACTS

8. ▮▮▮Plaintiff entered on duty with Defendant CIA as a contract ▮▮▮▮▮ ▮▮▮▮▮Officer,▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮Plaintiff's employment status was subsequently converted to that of staff employee.

9. On or about October 3, 2002 Plaintiff was summarily separated from his CIA

-2-

employment on the claim that he was not a staff employee, but only a contractor, and that his contract was being terminated immediately for unspecified reasons. Shortly thereafter, Plaintiff fell into severe clinical depression.

10. Throughout this period, CIA refused to provide any assistance, medical or otherwise to Plaintiff or his wife.

11. As the direct and proximate result of Defendant's conduct, Plaintiff suffers severe emotional distress producing physical symptoms.

## COUNT I
## FEDERAL TORT CLAIMS ACT

12. Plaintiff realleges each and every paragraph numbered 1 through 11, inclusive, as if fully set forth herein.

13. If Defendant United States were a private person, it would be liable to Plaintiff in accordance with the law of the State of New York.

14. Plaintiff is free from any acts of negligence contributing to the proximate cause of his complained of damages.

15. Defendant United States' complained of acts and omissions constitute a negligent false light invasion of Plaintiff's privacy.

16. Defendant United States' complained of acts and omissions constitute a negligent infliction of emotional distress upon Plaintiff.

17. Defendant United States' complained of acts and omissions constitute a negligent interference with Plaintiff's prospective economic opportunity.

WHEREFORE, Plaintiff prays this Honorable Court grant him compensatory damages in

-3-

an amount to be determined by the trier of fact.

Plaintiff further prays that the Court provide whatever further, different or additional relief as it should deem just and proper.

Respectfully submitted,

_____
Roy W. Krieger
D.C. Bar # 375754
KRIEGER & ZAID, P.L.L.C.
1920 N. Street, N.W.
Suite 300
Washington, D.C. 20036
202/223-9050