UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                            )
**PETER B.**,                   )
                            )
    **Plaintiff**,             )
                            )
    v.                      )     Civil Action No. 05-2189 (RWR)
                            )
**UNITED STATES OF AMERICA**,   )
                            )
    **Defendant**.            )
_____ )

### MEMORANDUM OPINION

Plaintiff Peter B.[1] brings this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., alleging various acts of tortious conduct by his former employer, the Central Intelligence Agency ("CIA"), that caused him severe emotional distress. The government has moved to dismiss for lack of subject-matter jurisdiction. In response, the plaintiff urges that limited discovery as to the status of his employment with the CIA is necessary before addressing the government's motion. Because plaintiff's action would be precluded under the Civil Service Reform Act ("CSRA") if he were a CIA employee, and, alternatively, would be precluded under the FTCA if he were a CIA contractor, discovery on the issue of plaintiff's employment status is unnecessary and the government's motion to dismiss will be granted.

---

[1] As plaintiff's true name is classified, he has been permitted to file as "Peter B."

- 2 -

BACKGROUND

Plaintiff sued the CIA under the FTCA alleging that the CIA terminated him for unspecified reasons and that the termination caused him to fall into severe clinical depression.  He seeks damages for negligent false light invasion of his privacy, negligent infliction of emotional distress, and negligent interference with prospective economic opportunity.  (See Compl. ¶¶ 15-17.)  In response to the government's motion to dismiss his complaint for lack of subject-matter jurisdiction, plaintiff argues that limited discovery is warranted to determine whether he was an employee or contractor of the CIA before the issue of jurisdiction can be addressed.  The government insists that no such discovery is necessary, however, because regardless of whether plaintiff was a CIA employee or contractor, his claims are statutorily precluded under the CSRA and FTCA, respectively.[2]

DISCUSSION

"On a motion to dismiss for lack of subject-matter jurisdiction pursuant to [Federal] Rule [of Civil Procedure] 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction." Shuler v. United States, 448 F. Supp. 2d 13, 17 (D.D.C. 2006) (citing Lujan v. Defenders

---

[2]  In its motion, the government also initially argued that plaintiff's complaint should be dismissed because he failed to file the action within the time period allowed under the FTCA's statute of limitations, 28 U.S.C. § 2401(b).  The government later withdrew this argument, and it will not be addressed.

- 3 -

of Wildlife, 504 U.S. 555, 561 (1992)).  In reviewing the motion, a court accepts as true all of the factual allegations contained in the complaint, Artis v. Greenspan, 158 F.3d 1301, 1306 (D.C. Cir. 1998), and may also consider "undisputed facts evidenced in the record."  Coal. for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003); see also Tootle v. Sec'y of the Navy, 446 F.3d 167, 174 (D.C. Cir. 2006) (explaining that a court may look to certain materials beyond the pleadings to resolve disputed jurisdictional facts when considering a motion to dismiss under Rule 12(b)(1)).  The "nonmoving party is entitled to all reasonable inferences that can be drawn in [his] favor." Artis, 158 F.3d at 1306.

I.   PLAINTIFF AS AN EMPLOYEE

When enacted, the CSRA "established an elaborate new framework for evaluating adverse personnel actions [taken] against certain categories of federal employees."  Doe v. Goss, Civil Action No. 04-2122 (GK), 2007 WL 106523, at *4 (D.D.C. Jan. 12, 2007).  It provides "'an integrated scheme . . . designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration.'"  Id. (quoting United States v. Fausto, 484 U.S. 439, 445 (1988)).  The scheme is a comprehensive and "exclusive framework for judicial review of adverse disciplinary actions taken by federal agencies."  Am. Postal Workers Union,

AFL-CIO v. U.S. Postal Serv., 940 F.2d 704, 709 (D.C. Cir. 1991) (internal quotations and citations omitted); Fausto, 484 U.S. at 455.

"Chapter 75 of the CSRA sets up a series of procedural safeguards for covered employees who have suffered adverse personnel actions . . . .  These safeguards include [the] appeal of [a] termination decision to the Merit Systems Protection Board ["MSPB"] . . . and review by the United States Court of Appeals for the Federal Circuit."  Am. Postal Workers Union, AFL-CIO, 940 F.2d at 708.  However, "[t]he CSRA expressly excludes CIA employees from the classes of employees for whom the CSRA's review procedures [under Chapter 75] are available."  Doe, 2007 WL 106523, at *6 (citing 5 U.S.C. §§ 2302(a)(2)(A), 7511(b)(7)); see 5 U.S.C. § 7511(b)(7) (excluding from Chapter 75 "an employee . . . whose position is within the Central Intelligence Agency").  Although CIA employees are excluded from those permitted to invoke the CSRA's review procedures, their exclusion does not leave them "free to pursue whatever judicial remedies [they] would have had before enactment of the CSRA."  Fausto, 484 U.S. at 447.  This exclusion, "[i]n the context of the entire statutory scheme, . . . displays a clear congressional intent to deny the excluded employees the protections of Chapter 75 –- including judicial review –- for personnel action covered by that chapter."  Id.  Fausto explained that "[d]irect judicial review

- 5 -

for non-covered employees would undermine 'the development, through the MSPB, of a unitary and consistent Executive Branch position on matters involving personnel action,' and would frustrate the congressional intent to 'avoid[] an unnecessary layer of judicial review in lower federal courts." Doe, 2007 WL 106523, at *5 (quoting Fausto, 484 U.S. at 449 (internal quotations omitted)).

"Congress intended to preclude non-CSRA remedies for [adverse personnel] actions . . . [and] this preclusion applies to federal employees' FTCA claims." Doe, 2007 WL 106523, at *10 (citing Am. Postal Workers Union, AFL-CIO, 940 F.2d at 708-09). Specifically, the D.C. Circuit has explained:

> [The CSRA's] scheme for review of adverse employment decisions is the type of narrowly tailored employee compensation scheme that the Supreme Court has held pre-empts the more general tort recovery statutes. . . . [T]he CSRA [is] an elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations, and we have no warrant to permit . . . use [of] the FTCA as a means of circumventing it.

Am. Postal Workers Union, AFL-CIO, 940 F.2d at 708 (internal quotations and citations omitted).

Further, the CSRA precludes non-CSRA remedies for an adverse personnel action "even where the CSRA does not make those remedies available to the plaintiff." Doe, 2007 WL 106523, at *10 (citing Am. Postal Workers Union, AFL-CIO, 940 F.2d at 708-09) (holding that the CSRA preempted FTCA claim even where

- 6 -

plaintiffs did not have access to other remedies provided to other classes of employees under the CSRA)).  In Fausto, the Supreme Court, considering whether a nonpreference member of the excepted service -- a federal employee who had no right to administrative or judicial review under the CSRA -- could still pursue judicial review of his suspension in district court, concluded that:

> The comprehensive nature of the CSRA, the attention
> that it gives throughout to the rights of nonpreference
> excepted service employees, and the fact that it does
> not include them in provisions for administrative and
> judicial review contained in Chapter 75, combine to
> establish a congressional judgment that those employees
> should not be able to demand judicial review for the
> type of personnel action covered by that chapter.

484 U.S. at 448; see also Am. Postal Workers Union, AFL-CIO, 940 F.2d at 709 n.6 (stating that when "employees do not receive protection (optional or otherwise) elsewhere under the [CSRA], . . . their express exclusion from the remedies of chapter 75 is itself sufficient to indicate that Congress did not intend them to challenge their dismissals by suit in federal district court").  It seems clear (albeit counterintuitive), then, that as CIA employees are expressly excluded from the review procedures under Chapter 75, see 5 U.S.C. § 7511(b)(7), they may not seek outside of the CSRA scheme any judicial review of termination decisions.  See Doe, 2007 WL 106523, at *5-*6, *10 (holding that a CIA employee's challenge under the FTCA to a denial of promotion was precluded by the CSRA).  Thus, if the plaintiff is

viewed as an employee of the CIA, rather than a contractor, plaintiff is precluded by the CSRA from bringing his FTCA claims.

II.  PLAINTIFF AS A CONTRACTOR

Plaintiff argues that if he "was a 'contractor', rather than a CIA 'employee', then the CSRA does not apply."  (Pl.'s Opp'n at 7.)  The government retorts that "[i]f Plaintiff was a contractor, then his suit is based in contract rather than in tort, and this Court lacks jurisdiction over it."  (Def.'s Reply in Support of Mot. to Dismiss at 4.)

"The [FTCA] waives the sovereign immunity of the United States with respect to some, but not all, torts.  Those torts for which the United States retains immunity are enumerated in 28 U.S.C. § 2680(h)," Klugel v. Small, 519 F. Supp. 2d 66, 75 (D.D.C. 2007), which exempts from FTCA coverage "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."  28 U.S.C. § 2680(h).  "Claims that fall under one of the exceptions to the FTCA must be dismissed for lack of subject matter jurisdiction." Edmonds v. United States, 436 F. Supp. 2d 28, 35 (D.D.C. 2006).  Moreover, "[t]he United States . . . is immune not just for the claims enumerated in 28 U.S.C. § 2680(h), but also for 'any claim arising out of' these claims." Klugel, 519 F. Supp. 2d at 75.  "To determine whether a non-enumerated

claim 'arises out of' an enumerated claim, the court must examine the actual conduct upon which the claims are based." Id. (citing Kugel v. United States, 947 F.2d 1504, 1507 (D.C. Cir. 1991)). "[T]he label which a plaintiff applies to a pleading does not determine the nature of the cause of action which he states. . . . [A] litigant cannot circumvent the [FTCA] by the simple expedient of drafting in terms of negligence a complaint that in reality is a claim as to which the United States remains immunized." Edmonds, 436 F. Supp. 2d at 35 (internal quotation marks omitted) (quoting Johnson v. United States, 547 F.2d 688, 691 (D.C. Cir. 1976)). Instead, "[t]he government conduct that is alleged to have caused the injury determines the essential nature of the cause of action." Id. at 35-36.

If the plaintiff was a contractor, then his claim is essentially contractual in nature despite the negligence labels he employs as he alleges that he was "terminated . . . for unspecified reasons."[3]  (See Compl. ¶ 9.)  See, e.g., Doe, 2007

---

[3] See also A&S Council Oil Co. v. Lader, 56 F.3d 234, 241 (D.C. Cir. 1995)("Where the alleged damage is entirely due to and measured in reference to plaintiffs' performance of a contract, and is exclusively money damages, plaintiffs' claim that the wrong originated in some statutory violation does not strip the case of its contractual character."); Ingersoll-Rand Co. v. United States, 780 F.2d 74, 77-78 (D.C. Cir. 1985) ("Despite [plaintiff's] efforts to cast its complaint otherwise, we conclude that the essential rights at stake here are contractual. . . . That [plaintiff's] complaint nowhere mentions breach of contract, therefore, cannot alone suffice to establish jurisdiction in the District Court.").

WL 106523, at *2, *10 (reviewing a CIA contractor's challenge to his termination, where he was similarly "terminated for unspecified reasons," as a contract claim).[4]  Thus, plaintiff's claim, which amounts to one for interference with contract rights, is expressly precluded under § 2680(h) and the court lacks subject matter jurisdiction under the FTCA.  Furthermore, plaintiff's claim of negligent false light invasion of privacy is similarly precluded, since "[c]ourts consistently have held that claims for 'false light' invasion of privacy are barred by the libel and slander exception," Edmonds, 436 F. Supp. 2d at 35, and his claims for negligent infliction of emotional distress and negligent interference with prospective economic opportunity are also precluded because they arise out of plaintiff's contract claim.  (See Compl. ¶ 11 ("As the direct and proximate result of Defendant's conduct, Plaintiff suffers severe emotional distress.").)  See also Edmonds, 436 F. Supp. 2d at 37 n.6 (citing Art Metal-U.S.A. Inc. v. United States, 753 F.2d 1151, 1155 (D.C. Cir. 1985)) ("Claims for interference with prospective

---

[4] It is worth noting that the Doe court found that it lacked subject-matter jurisdiction over the CIA contractor's contract claim because it deemed the claim "a quintessential adverse personnel action covered by the CSRA." Id. at *10.  This conclusion notwithstanding, it is unclear whether a contractor can be properly viewed as falling within the ambit of the CSRA. See Thompson v. Merit Sys. Prot. Bd., 421 F.3d 1336, 1338 (Fed. Cir. 2005) (holding that a contract employee did not qualify as an "employee" under the CSRA).  The issue need not be resolved, however, since plaintiff's claim is precluded by the FTCA if he was a contractor.

- 10 -

business advantage also may be barred as claims arising out of interference with contract rights under 28 U.S.C. § 2680(h)."). Accordingly, if the plaintiff was a CIA contractor, rather than an employee, his action is precluded under § 2680(h) of the FTCA.[5]

## CONCLUSION

As an employee of the CIA, plaintiff would be precluded under the CSRA from bringing this action.  As a contractor for the CIA, plaintiff would be precluded by the FTCA from bringing this action.  Plaintiff is not entitled to limited discovery on the issue of his status with the CIA because regardless of whether he was an employee or a contractor, the court lacks

---

[5] Indeed, if plaintiff was a contractor, then his action arguably should have been brought under the Contract Dispute Act ("CDA"), 41 U.S.C. §§ 601-613 -- which provides particular procedures for obtaining relief for claims arising from a breach of "any express or implied contract . . . entered into by an executive agency for . . . the procurement of services," id. § 602(a)(2) -- rather than the FTCA.  Because a claim by plaintiff under the CDA would lie exclusively within the jurisdiction of the United States Court of Federal Claims, see id. § 609, this court would be without jurisdiction to hear such a claim.  See Research Air, Inc. v. Norton, Civil Action No. 05-623 (RMC), 2006 WL 508341, at *8 n.8 (D.D.C. Mar. 1, 2006) ("When the CDA applies to a dispute, as it does here, its procedures provide the exclusive remedy, and this Court is without jurisdiction." (citing A&S Council Oil Co., 56 F.3d at 241-42)). See also Advanced Materials, Inc. v. United States, 955 F. Supp. 58, 59 (E.D. La. 1997) (dismissing a contractor's FTCA claim because it was "based in contract" and fell under the CDA); Teel v. Di Leonardi, No. 98 C 2568, 1999 WL 133997, at *2-3 (N.D. Ill. Mar. 5, 1999) (holding that if plaintiff was an employee of the U.S. Marshals Service, his Bivens claim was precluded by the CSRA; and if he was instead a contractor, his claim was precluded by the CDA).

- 11 -

subject matter jurisdiction over his claims.  Accordingly, the government's motion to dismiss will be granted.

A final, appealable order accompanies this Memorandum Opinion.

SIGNED this 29th day of September, 2008.

```
                               /s/
                    RICHARD W. ROBERTS
                    United States District Judge
```